T.C. Summary Opinion 2019-2

UNITED STATES TAX COURT

THAD MARSHALL PUGH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13462-16S.                          Filed February 28, 2019.

<u>Peter A. Lowy</u>, for petitioner.[1]

<u>Lewis A. Booth II</u>, for respondent.

SUMMARY OPINION

CARLUZZO, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[2]  Pursuant to section 7463(b), the decision to be entered is not

---

[1]Mr. Lowy's appearance was entered on the day of trial as a result of his participation in a pro bono program sponsored by the American Bar Association.

[2]Unless otherwise indicated, section references are to the Internal Revenue

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency (notice) dated March 7, 2016, respondent determined deficiencies in petitioner's 2010 and 2011 Federal income tax and imposed additions to tax under sections 6651and 6654.

After significant concessions by both parties, the issues for decision for each year are whether petitioner is entitled to deductions for (1) mortgage interest and (2) legal fees claimed on Schedules C, Profit or Loss From Business, included with his untimely (and apparently unprocessed) Federal income tax returns.[3]

Background

Some of the facts have been stipulated and are so found. When the petition was filed, petitioner resided in Texas.

During each year in issue petitioner, who holds a bachelor of science degree in electrical engineering, was the sole proprietor of Pi Integrated Systems (Pi). At

---

[2](...continued)
Code of 1986 as amended, in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[3]All of the adjustments made in the notice have been resolved between the parties. The issues that remain in dispute arise from deductions claimed on the untimely Federal income tax returns submitted to respondent, one after the notice was issued.

all times relevant, Pi was engaged in the business of software development. Pi had few employees during the years in issue, and the business was conducted from an office in petitioner's house. In earlier years things looked good, and petitioner had a plan to expand the business.

In business sometimes things do not go as planned.

In 2005 and 2006 petitioner purchased two vacant lots, one adjacent to land he already owned and the other directly across the street (properties). He had to borrow money to do so, and he paid interest on those loans during each of the years in issue. Later he purchased two steel buildings, disassembled them, and stored some of the components on one of the properties. His plan was to re-assemble the buildings on the properties as shown on a site plan prepared by an architect in 2007. Petitioner intended that the reassembled buildings would serve as Pi's "headquarters".

Circumstances, however, did not cooperate. Before petitioner's plan could be put into effect, Pi lost a major customer, revenues sharply decreased, and later some of its employees left to work for other employers. As of the date of trial, the properties, some of which were sold, remained undeveloped, and some of the components of the steel buildings were sold as scrap metal.

Petitioner submitted 2010 and 2011 Federal income tax returns to respondent long after each was due.  Each included a Schedule C for Pi, and each Schedule C included numerous deductions.  We need to focus on only two deductions for each year:  (1) a deduction for mortgage interest and (2) a deduction for legal fees.  Respondent allowed most of the deductions claimed for legal fees; the deductions for mortgage interest have been disallowed.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction.[4]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

A taxpayer claiming entitlement to a deduction must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  See sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd, 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

_____

[4]Petitioner does not claim and the record does not show that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

Mortgage Interest

Section 163(a) provides: "There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness." This general rule is simple and seemingly should resolve the dispute between the parties on the point. It is undisputed that the interest as shown on the Schedules C was paid on the indebtedness created by the acquisition of the properties. But the simple general rule in subsection (a) is followed by no less than 13 other subsections, some including multiple paragraphs, subparagraphs, clauses, and subclauses, that establish a variety of limitations and exceptions to the general rule. We need to concern ourselves with only some of the exceptions.

The first is subsection (d). According to respondent, the interest deductions here in dispute are limited by section 163(d) that provides that a taxpayer, other than a corporation, may deduct "investment interest" only to the extent of investment income. For purposes of section 163(d) and in general, "investment interest" means interest that is "paid or accrued on indebtedness properly allocable to property held for investment." Sec. 163(d)(3)(A). According to respondent, because the properties were never actually used in petitioner's trade or business, the properties must be treated as property held for investment. Because petitioner does not claim to have enjoyed any investment income during either year in issue,

respondent argues that petitioner is not entitled to deduct any of the interest paid in connection with the indebtedness that burdens the properties.

But "property held for investment" is specifically defined in section 163(d)(5), and the properties do not fit within that definition. Consequently, the interest paid to finance the acquisition of the properties is not treated as investment interest, and petitioner's entitlement to deductions for that interest is not, as respondent argues it is, subject to limitation under section 163(d). That does not, however, end the matter.

Another exception to the general rule that must be taken into account is section 163(h) that provides that a taxpayer, other than a corporation, is not entitled to a deduction for personal interest. For purposes of section 163(h) and as relevant here, "interest paid or accrued on indebtedness properly allocable to a trade or business" is excluded from the exception. Sec. 163(h)(2)(A).

As respondent notes, the properties were not actually used in petitioner's trade or business during the years in issue. Nevertheless, we are satisfied that the properties were certainly "allocable" to that business. Consequently, the interest paid in connection with the indebtedness on the properties is not treated as personal interest. Respondent does not suggest that any of the other exceptions or limitations to the general rule set forth in section 163(a) are applicable, and we are

satisfied that none are. That being so, we find that petitioner is entitled to the deduction claimed for mortgage interest for each of the years in issue. We further find that because the deduction for each year is "allocable" to petitioner's trade or business, the deduction is properly taken into account in the computation of petitioner's adjusted gross income. See sec. 62(a)(1).

Legal Fees

Respondent has already allowed all but small portions of the deductions claimed for legal fees on the Schedules C included with the untimely returns. No explanation has been provided that shows why some portions were allowed and others not. But more significantly, petitioner has not established the nature of the legal services, how the legal services relate to his trade or business, or the amounts actually paid or incurred for those legal services. Given the small amounts involved, we can understand the parties' failure to address the items; but that small amounts remain in dispute does not relieve petitioner of his burden to prove entitlement to all of the deductions claimed.

The parties stipulated the proper deduction for legal fees and expenses for each year; nevertheless, both proceeded as though the small amount that respondent has not allowed for each year remains in dispute. We will follow their lead and ignore the stipulation; however, there is really not much for us to do.

Because petitioner has failed to establish the nature of the legal services involved, how those services relate to his trade or business, or the amounts actually paid or incurred for those services, he is not entitled to a deduction for legal fees in excess of the amount already allowed by respondent for each year in issue.

To reflect the foregoing and the concessions of the parties,

Decision will be entered under

Rule 155.